UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                                Plaintiff,

             v.

McKENNA DANILO BERNARDO,

                                Defendant.

Case No. MJ20-226

ORDER

## I.    INTRODUCTION

This matter is before the Court on the government's motion for an extension to time to seek an indictment. (Dkt. # 9.) Defendant Bernardo did not file an opposition. Having considered the parties' submissions, the balance of the record, and the governing law, the Court orders that the government's motion is GRANTED.

## II.    BACKGROUND

Defendant is charged by complaint with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). (Compl. (Dkt. # 1).) Defendant was arrested and appeared by a WebEx video conference for his detention hearing on June 1, 2020. (Dkt. # 6.) Defendant was released on bond with special conditions and waived his preliminary hearing. (Dkt. ## 6, 10.)

The government submitted the instant motion for an extension to seek an indictment on

June 1, 2020. (Dkt. # 9.) The government bases its motion on general orders issued by the

Honorable Chief District Court Judge Ricardo S. Martinez that extend grand jury appearances

due to the current COVID-19 pandemic. (*Id.*) The government cites the most recent order that

extends grand jury appearances until at least August 3, 2020. (*Id.* at 2.) The government requests

an extension until August 31, 2020 because it is unclear when it will be able to present this

matter to a grand jury, even if proceedings convene as currently scheduled. (*Id.* at 2-3.)

### III.    DISCUSSION

#### A.    Speedy Trial Act

Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, there are strict time limits

regarding when the government must obtain an indictment. "Any information or indictment

charging an individual with the commission of an offense shall be filed within thirty days from

the date on which such individual was arrested or served with a summons in connection with

such charges." 18 U.S.C. § 3161(b). "If an individual has been charged with a felony in a district

in which no grand jury has been in session during such thirty-day period, the period of time for

filing of the indictment shall be extended an additional thirty days." *Id.* If the government fails to

indict a defendant within these time limits, the charges must be dismissed. 18 U.S.C. §

3162(a)(1).

The Speedy Trial Act provides several grounds for excluding periods of delay from the

proscribed time limits. In relevant part to the instant motion, time may be excluded if the "ends

of justice" are served. 18 U.S.C. § 3161(h)(7)(A). Specifically, the Speedy Trial Act provides:

> Any period of delay resulting from a continuance granted by any judge on his own
> motion or at the request of the defendant or his counsel or at the request of the
> attorney for the Government, if the judge granted such continuance on the basis of
> his findings that the ends of justice served by taking such action outweigh the best

interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id.*

18 U.S.C. § 3161(h)(7)(B) provides factors for the Court to consider in determining whether an ends-of justice-continuance is appropriate. The Court must weigh: (1) whether the failure to grant a continuance would likely make a continuation of the proceedings impossible or result in a miscarriage of justice; (2) whether the case is so unusual or complex that it is unreasonable to expect adequate preparation for pretrial proceedings or trial within the established timelines; (3) whether the delay in filing an indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the established timelines; and (4) whether the failure to grant a continuance in a case would deny the defendant continuity of counsel or harm counsels' ability to prepare the case. 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). General congestion of the court's calendar, the government's lack of diligent preparation, and the government's failure to obtain available witnesses do not warrant an ends-of-justice continuance. 18 U.S.C. § 3161(h)(7)(C).

### B.    Coronavirus Disease 2019 (COVID-19)

In March 2020, the spread of COVID-19 created a global health pandemic resulting in extensive quarantine measures. As noted above, this district issued general orders to address the ongoing health crisis. Specifically, on March 6, 2020, Chief Judge Martinez issued General Order 01-20 that continued all in-person court proceedings pending further order of the Court. *See* General Order 01-20. The Order found "the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court specifically finds

that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. §3161(h)(7)(A)." *Id.* at 2.

Chief Judge Martinez subsequently issued additional general orders extending the continuance of all in-court proceedings, including grand juries. *See* General Orders 2-20, 3-20, 4-20, 7-20, 8-20. The general orders further closed the Seattle and Tacoma Courthouses to the public and noted both the President and Governor's declarations that the pandemic constitutes a public health emergency. *Id.* The general orders also cite the Centers for Disease Control and Prevention's ("CDC") advisement regarding precautions on how to slow the spread of COVID-19, namely through social distancing. *Id.*

On May 13, 2020, Chief Judge Martinez issued the most recent general order, General Order 08-20, cited in the government's motion. The Order incorporates the procedures established in the previous general orders regarding COVID-19 safety precautions, and, among other things, continues all grand jury proceedings until at least August 3, 2020. (*Id.*) The Order notes that at the time of its issuance, the majority of the State of Washington remained in Phase 1 of the Governor's new Safe Start Order, which permits only small gatherings and mainly outdoor activities. The Order found that court operations are not compatible with social distancing and other health restrictions necessary to mitigate the spread of COVID-19. Like the previous general orders, General Order 08-20 holds continuances pursuant to the Order will be excluded under the Speedy Trial Act.

Courts have previously addressed whether the ends of justice are served by an extension to obtain an indictment in the wake of unforeseeable emergency situations. *See Furlow v. United States*, 644 F.2d 764, 768 (9th Cir. 1981) (upholding an ends-of-justice continuance after the

eruption of Mt. St. Helens); *United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (upholding an ends-of-justice continuance after the September 11, 2001 terrorist attacks); *United States v. Scott*, 245 Fed. App'x 391, 394 (5th Cir. 2007) (upholding an ends-of-justice continuance after Hurricane Katrina). Recently, courts have faced the question of whether the COVID-19 pandemic warrants an ends-of-justice continuance and found that it does. *See United States v. Kane,* MJ20-5054-BHS-TLF (W.D. Wash. June 9, 2020); *United States v. Harris*, CR20-49, WL 2539321 (E.D. Cal. May 19, 2020); *United States v. Lev*, CR17-3195, WL 2615477 (D.N.J. May 22, 2020). For the reasons discussed below, the Court finds a continuance warranted.

### 1.    *Impossibility and/or Miscarriage of Justice*

The Court must consider whether the failure to grant a continuance would likely make a continuation of this matter impossible or result in a miscarriage of justice. The Court must make specific factual findings related to the circumstances presented in this case in determining whether a continuance is warranted, and any continuance must be "specifically limited in time." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000).

As discussed above, the restrictions necessary to mitigate the spread of COVID-19 prohibit a grand jury from meeting. The Seattle and Tacoma Courthouses in this district remain closed because court operations are not compatible with the need for social distancing and other public health restrictions. Further, Chief Judge Martinez has continued all grand jury proceedings until at least August 3, 2020. The Court finds Chief Judge Martinez's general orders accurately and specifically lay out the current facts surrounding COVID-19 and the safety precautions necessary to address the pandemic. Because it is unclear at what point the government will be

able to present this matter to a grand jury, the Court finds an extension until August 31, 2020 is specifically limited in time.

Further, were the Court to deny the government's motion, the government would have to dismiss the charge brought against Defendant once the Speedy Trial time limit expires. Although it is possible to re-indict Defendant, it is unknown at this time when that could be accomplished because, as discussed above, grand juries have yet to safely convene. Accordingly, the Court finds that a failure to grant an extension would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, and this factor weighs in favor of granting an extension.

### 2.    *Complexity*

The Court must also address whether this matter is so unusual or complex that the Speedy Trial Act's proscribed timeline is unrealistic to prepare pretrial proceedings or for trial itself. In considering this factor, the Court looks to the number of defendants, the nature of the prosecution, and the existence of novel questions of fact or law. 18 U.S.C. § 3161(h)(7)(B)(ii). Based on the record, the Court finds this case is not unusual or complex.

### 3.    *Pre-indictment Delay*

The Court also considers whether a delay in the filing of the indictment is caused because the arrest occurs pre-indictment at a time that is unreasonable to expect return and filing of the indictment within the proscribed timelines, or where the facts that the jury considers are unusual or complex. 18 U.S.C. § 3161(h)(7)(B)(iii).

As noted above, Defendant did not submit an opposition to the government's motion and therefore did not present argument regarding pre-indictment delay. However, the Court notes that general orders suspending grand juries had been issued at the time Defendant was arrested and

1    charged in this matter. The Court therefore finds this factor weighs in favor of denying an

2    extension.

3              4.      *Continuity of Counsel*

4         18 U.S.C. § 3161(h)(7)(B)(iv) requires the Court to consider whether denying a

5    continuance would: (1) deny defendant reasonable time to obtain counsel; (2) "unreasonably

6    deny" either party continuity of counsel; or (3) deny either parties' counsel "reasonable time

7    necessary for effective preparation, taking into account the exercise of due diligence." Defendant

8    is currently represented by counsel and it does not appear that any party is being unreasonably

9    denied continuity of counsel or denied reasonable time to prepare.

10             5.      *Other Factors*

11        The Speedy Trial Act directs courts to consider the factors discussed above, "among

12   others." 18 U.S.C. § 3161(h)((7)(B). The statute provides little guidance on what the other

13   factors are to consider. In the context of the COVID-19 pandemic, courts have considered the

14   following factors:

15        • Whether the defendant is detained pending trial;

16        • Whether COVID-19 is present in the facility where the defendant is
17          detained (and if so, whether the defendant belongs to a population that is
             particularly susceptible to the virus);

18        • Whether the court can safely conduct a jury trial;

19        • Whether the defendant has invoked his speedy trial rights since the cases
20          inception;

20        • How long the defendant has been detained;

21        • Whether the defendant is charged with a violent crime or has a history of
22          violent crime;

23        • Whether the defendant was denied bail solely because of the risk of
             nonappearance; and

ORDER - 7

- Whether there is a specific reason to suspect recidivism if charges are dismissed.

*United States v. Harris*, No. 2:20-cr-00049, 2020 WL 2539321, at *3 (E.D. Ca. May 19, 2020);

*United States v. Kane,* MJ20-5054-BHS-TLF (W.D. Wash. June 9, 2020).

Here, the Court released Defendant on bond with special conditions. At this time, it is unclear when a jury trial can be safely conducted, however, this matter is still in its initial stages. Based on these additional factors, and balancing the factors enumerated in 18 U.S.C. § 3161(h)(7)(B), the Court specifically finds that the ends of justice served by ordering an extension outweigh the best interests of the public and Defendant's right to a speedy trial.

## IV.    CONCLUSION

For the foregoing reasons, the government's motion (dkt. # 9) is GRANTED and the deadline to indict Defendants in this matter is extended to August 31, 2020. The Clerk is directed to send copies of this order to the parties.

Dated this 19th day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8